FILED

UNITED STATES DISTRICT COURT 2016 JAN 29 AH 11: 51
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

Levanda Croston, Jasmin Collazo,
Sheila Goyco, and John Kidd,

       Plaintiffs,

v.

IC System, Inc.,

       Defendant.

_____/

Case No. 3:16-CV- 87-J -20JBT

**COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1.    This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Communication Protection Act ("TCPA"), 47 U.S.C. § 227.

## PARTIES

2.    Plaintiff, Levanda Croston ("Ms. Croston"), is a natural person who resided in Jacksonville, Florida, at all times relevant to this action.

3.    Plaintiff, Jasmin Collazo ("Ms. Collazo"), is a natural person who resided in Orlando, Florida, at all times relevant to this action.

4.    Plaintiff, Sheila Goyco ("Ms. Goyco"), is a natural person who resided in Dover, Florida, at all times relevant to this action.

- 1 -

5.   Plaintiff, John Kidd ("Mr. Kidd"), is a natural person who resided in Lake Wales, Florida, at all times relevant to this action.

6.   Defendant, IC System, Inc., LP ("IC SYSTEM" or "Defendant"), is a Minnesota Corporation that maintained its principal place of business in Minneapolis, Minnesota at all times relevant to this action.

## JURISDICTION AND VENUE

7.   Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the FDCPA and the TCPA.

8.   Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over each Plaintiff's claims under the FCIC SYSTEMS because each such claim shares a common nucleus of operative facts with each Plaintiff's claims under the FDCPA and/or the TCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FDCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

9.   Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district, and the Defendant transacts business in Duval County, Florida.

10.  Pursuant to 28 U.S.C. § 1391(b), venue is also proper because IC SYSTEM is subject to personal jurisdiction in this judicial district due to its continuous activities in this district, including but not limited to: (a) IC SYSTEM conducts business in this district by seeking to collect debts from consumers who reside in this district; (b) IC SYSTEM is registered to do business with the Florida Secretary of State; (c) IC

- 2 -

SYSTEM holds a Consumer Collection Agency license with the Florida Office of Financial Regulation, permitting IC SYSTEM to collect debt in this district; and (d) IC SYSTEM's business practices, which are at issue in this lawsuit, are the same practices in which IC SYSTEM regularly engages in with respect to consumers that reside in this district, as well as throughout the entire State of Florida.

### JOINDER

11.     Rule 20 of the Federal Rules of Civil Procedure provides, in part:

(a) PERSONS WHO MAY JOIN OR BE JOINED.

(1) Plaintiffs. Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

*See* Fed. R. Civ. P. 20(a).

12.     "Under the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966).

13.     "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (reversed on other grounds).

14. "A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Id.*

15. The rule "does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Id.* at 1324 (emphases included) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974)).

16. "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Alexander*, 207 F.3d at 1323 (quoting *Mosley*. 497 F.2d at 1333).

17. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. *See Mosley*, 497 F.2d at 1332.

18. Allegations of a company-wide policy that violates federal law have been held sufficient to establish that multiple plaintiffs' claims "arose out of the same series of transactions or occurrences." *See Alexander*, 207 F.3d at 1323 (citing *Mosley*, 497 F.2d at 1334).

19. In the FDCPA context, allegations by multiple plaintiffs that they were subjected to the same collection practices by a single debt collector support joinder under Rule 20.

See, e.g., Scott v. Fairbanks Capital Corp., 284 F. Supp. 2d 880, 888-89 (S.D. Ohio 2003).

20.     Joinder is particularly appropriate at the pre-trial stage of litigation where "the alleged acts occurred are quite similar for each [p]laintiff with the majority of each [p]laintiff's allegations occurring [during a limited time period]." *See Nelson v. Chertoff*, 2008 U.S. Dist. LEXIS 82981, *16 (N.D. Ill. Sep. 10, 2008).

21.     In the TCPA context, calls received by multiple plaintiffs from the same debt collector using an autodialer support joinder under Rule 20. *See, e.g., Blair v. CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 150996, *17-18 (S.D. Cal. Oct. 17, 2013); *Desai v. ADT Sec. Servs., Inc.*, 2011 U.S. Dist. LEXIS 77457, *4-8 (N.D. Ill. July 18, 2011).

## ADDITIONAL FACTORS SUPPORTING JOINDER

22.     The witness(es) that IC SYSTEM will produce in response to a notice of deposition pursuant to Rule 30(b)(6) will likely be the same individual(s) for each Plaintiff.

23.     The information that IC SYSTEM will provide in response to interrogatories related to IC SYSTEM's policies, practices, and procedures will likely be the same, or substantially similar, for each Plaintiff.

24.     The evidence that IC SYSTEM will produce in response to requests for production of documents related to Defendant's policies, practices and procedures will likely be the same, or substantially similar, for each Plaintiff.

25.     Joinder will allow a single trier of fact to assess the pattern and frequency of IC SYSTEM's alleged misconduct, which is a relevant factor in the legal issues and damages in this case.

26.     Joinder avoids the need to conduct multiple trials and empanel multiple juries to resolve fairly straightforward claims that Defendant violated the FDCPA, FCCPA, and TCPA.

### ALLEGATIONS OF FACT COMMON TO ALL PLAINTIFFS

27.     At all times relevant to this action, IC SYSTEM collected consumer debts.

28.     IC SYSTEM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due, or asserted to be owed or due another.

29.     The principal source of IC SYSTEM's revenue is debt collection.

30.     IC SYSTEM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.     IC SYSTEM is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

32.     As described, *infra*, IC SYSTEM contacted each Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

33.     Each alleged obligation IC SYSTEM was seeking to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     Each alleged obligation IC SYSTEMS was seeking to collect is a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

35.     Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

36.     Each Plaintiff is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(2), and is a person whom the FCCPA is intended to protect.

37.   Before IC SYSTEM began contacting each Plaintiff, IC SYSTEM and each Plaintiff
      had no prior business relationship, and each Plaintiff never provided express consent
      to IC SYSTEM to be contacted on his/her cellular telephone.

38.   Within the past twelve (12) months, IC SYSTEM called each Plaintiff on multiple
      occasions in connection with the collection of a debt.

39.   Within the past twenty-four (24) months, IC SYSTEM called each Plaintiff on
      multiple occasions in connection with the collection of a debt.

40.   On several occasions, within the past forty-eight (48) months, the dates of which will
      be discovered through discovery, IC SYSTEM willingly and knowingly used an
      automatic telephone dialing system (ATDS) to call each of the Plaintiffs on his or her
      cellular phone on multiple occasions, in violation of the TCPA.

41.   IC SYSTEM used a predictive dialer system to call each Plaintiff.

42.   Each Plaintiff, on at least one occasion, communicated his or her desire that IC
      SYSTEM cease calling him or her.

43.   Notwithstanding these communications, IC SYSTEM continued to call each Plaintiff
      in connection with the collection of a debt.

44.   IC SYSTEM's agents have the ability to immediately stop further calls to consumers,
      but IC SYSTEM's policy and practice is to continue calling consumers using its
      predictive dialer in spite of consumer requests for IC SYSTEM to stop calling, and
      consumer statements to IC SYSTEM that the consumer cannot and/or will not pay the
      debt.

45. IC SYSTEM's policy and practice is that when a consumer communicates his or her desire that IC SYSTEM cease calling, but does not do so in writing, IC SYSTEM disregards that communication as if it had not been made.

46. IC SYSTEM's policy and practice is that when a consumer communicates his or her desire that IC SYSTEM cease calling, but does not do so in writing, IC SYSTEM does not record that request in IC SYSTEM's records related to the debt Defendant is seeking to collect from the consumer.

47. In this case, IC SYSTEM followed the aforementioned policy and practice when each Plaintiff communicated his or her desire that IC SYSTEM stop calling him or her.

48. IC SYSTEM's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Plaintiffs.

49. IC SYSTEM unreasonably relied upon inaccurate information provided to IC SYSTEM by one or more original creditors for whom IC SYSTEM was attempting to collect a debt when IC SYSTEM called certain Plaintiffs' cellular telephones.

## LEGAL ARGUMENTS COMMON TO ALL PLAINTIFFS

50. Section 1692d of the FDCPA provides, in part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. § 1692d.

51. Where a consumer has communicated his or her desire that a debt collector stop calling, and the debt collector nevertheless continues to call the consumer, the volume

and pattern of the calls may evidence intent to harass in violation of Section 1692d. *See Majeski v. I.C. Sys., Inc.*, 2010 U.S. Dist. LEXIS 1830, *5-7 (N.D. Ill. Jan. 8, 2010).

52.    Section 1692f of the FDCPA provides, in part:

>    A debt collector may not use unfair or unconscionable means
>    to collect or attempt to collect any debt.

*See* 15 U.S.C. § 1692f.

53.    Where a question exists as to whether a debt collector's alleged misconduct violates Section 1692f or some other section of the FDCPA, the prudent course at the pre-trial stage is to allow the consumer to pursue claims under both sections. *See Davis v. Diversified Consultants, Inc.*, 2014 U.S. Dist. LEXIS 87867, *25 (D. Mass. June 27, 2014) (citing *Rush v. Portfolio Recovery Associates, LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013)).

54.    IC SYSTEM's maintenance of policies and practices, which in themselves violate the FDCPA, are further evidence of IC SYSTEM's intent to harass. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 671 (D.N.M. Mar. 16, 2009) (debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA SYSTEMS); *see also Kromelbein v. Envision Payment Solutions, Inc.*, 2013 U.S. Dist. LEXIS 107762, *18 (M.D. Penn. Aug. 1, 2013) ("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious

transgression because it indicates endemic, rather than isolated, disregard for debtor rights.").

55. Section 559.72 of the FCCPA provides, in part:

> Prohibited practices generally. – In collecting consumer debts, no person shall:
>
> * * *
>
> > (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family...

See Fla. Stat. § 559.72(7).

56. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call...

47 U.S.C. § 227(b)(1)(A)(iii).

57.     The term "called party," as used in Section 227(b)(1)(A) of the TCPA refers to the

person or entity subscribing to the called number at the time the telephone call is

made. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir.

2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-

41, ¶ 73.

58.     The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly
> violated this subsection or the regulations prescribed under this
> subsection, the court may, in its discretion, increase the amount
> of the award to an amount equal to not more than 3 times the
> amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

59.     The Communications Act of 1943, of which the TCPA is a part, defines "willful" as

"the conscious or deliberate commission or omission of such act, irrespective of any

intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

60.     In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need

not demonstrate that the defendant intended to violate the statute, or that it knew or

should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs.,*

*Inc.*, 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview*

*Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar.

19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS

50046, *18-20 (N.D. Ga. 2011).

61. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

62. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

## INDIVIDUAL COUNTS AS TO EACH PLAINTIFF

### *COUNT ONE – Levanda Croston*

### Violation of the Fair Debt Collection Practices Act

63. Ms. Croston re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 1, and 27-62.

64. Around June 2014, IC SYSTEM began calling Ms. Croston on her cellular phone at phone number XXX-XXX-4722 in an attempt to collect a debt for another individual.

65. On at least one occasion, Ms. Croston communicated her desire that IC SYSTEM cease calling her.

66. Notwithstanding these communications, IC SYSTEM continued to call Ms. Croston more than 60 times on her cellular phone in connection with the collection of a debt.

67.   IC SYSTEM has called Ms. Croston in connection with the collection of a debt within the last twelve (12) months.

68.   IC SYSTEM routinely called Ms. Croston's cell phone multiple times within the same day.

69.   On more than one occasion, when Ms. Croston would answer a call from IC SYSTEMS, there would be no one on the line, and Ms. Croston would only hear a beeping sound.

70.   Despite Ms. Croston's pleas for IC SYSTEM to stop calling, IC SYSTEM continued its campaign of collection calls to Ms. Croston's cell phone.

71.   IC SYSTEM's acts and omissions violated FDCPA as to Ms. Croston.

72.   IC SYSTEM's policies and procedures violated the FDCPA as to Ms. Croston.

73.   IC SYSTEM caused Ms. Croston emotional distress.

74.   IC SYSTEM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Croston in connection with the collection of a debt.

75.   IC SYSTEM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT TWO – Levanda Croston

**Violation of the Florida Consumer Collection Practices Act**

76.   Ms. Croston re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 1, 27-62, and 63-73.

77.   IC SYSTEM willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Ms. Croston with such frequency as can reasonably be expected to harass Ms. Croston, or engaging in other conduct which can reasonably be expected to abuse or harass Ms. Croston.

### COUNT THREE – Levanda Croston

**Violation of the Telephone Communication Protection Act**

78.   Ms. Croston re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 1, 27-62, and 63-73.

79.   Ms. Croston was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

80.   IC SYSTEM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Croston's cellular telephone using an ATDS without Ms. Croston's prior express consent or after Ms. Croston had revoked such consent.

81.   IC SYSTEM voluntarily placed telephone calls to Ms. Croston's cellular telephone using an ATDS.

82.   IC SYSTEM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Croston's cellular telephone using an ATDS without Ms. Croston's prior express consent.

### COUNT FOUR – Jasmin Collazo

**Violation of the Fair Debt Collection Practices Act**

83.   Ms. Collazo re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, and 27-62.

84.     Around November 2015, IC SYSTEM began calling Ms. Croston on her cellular phone at phone number XXX-XXX-7971 in an attempt to collect a debt for another individual.

85.     IC SYSTEM called Ms. Collazo's cellular phone from various phone numbers, including but not limited to 603-414-1921 and 406-577-1228.

86.     Soon after the calls began, Ms. Collazo communicated her desire that IC SYSTEM cease calling her, and informed IC SYSTEM that she had cancer, was undergoing surgery, and had no job or other means to pay the debt.

87.     Notwithstanding these communications, IC SYSTEM continued to call Ms. Croston on her cellular phone in connection with the collection of a debt.

88.     On at least one occasion, despite the fact that Ms. Croston had informed IC SYSTEM that she had cancer and no means to pay the debt, IC SYSTEM threatened Ms. Croston that it may take legal action against her in order to collect the debt.

89.     IC SYSTEM continued to call Ms. Croston almost daily in connection with the collection of a debt, including within the last twelve (12) months.

90.     Despite Ms. Croston's pleas for IC SYSTEM to stop calling her, IC SYSTEM continued its campaign of collection calls to Ms. Croston's cell phone.

91.     IC SYSTEM's acts and omissions violated FDCPA as to Ms. Croston.

92.     IC SYSTEM's policies and procedures violated the FDCPA as to Ms. Croston.

93.     IC SYSTEM caused Ms. Croston emotional distress.

94.     IC SYSTEM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Croston in connection with the collection of a debt.

95.     IC SYSTEM violated 15 U.S.C. § 1692e by using a false, deceptive, and/or misleading representation or means in connection with the collection of a debt.

96.     IC SYSTEM violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken.

97.     IC SYSTEM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

<u>*COUNT FIVE – Jasmin Collazo*</u>

**Violation of the Florida Consumer Collection Practices Act**

98.     Ms. Collazo re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, 27-62, and 84-93.

99.     IC SYSTEM willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Ms. Collazo with such frequency as can reasonably be expected to harass Ms. Collazo, or engaging in other conduct which can reasonably be expected to abuse or harass Ms. Collazo.

100.    IC SYSTEM willingly and knowingly violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right when IC SYSTEM knew that the right did not exist.

*COUNT SIX – Jasmin Collazo*

**Violation of the Telephone Communication Protection Act**

101. Ms. Collazo re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 2, 27-62, and 84-93.

102. Ms. Collazo was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

103. IC SYSTEM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Collazo's cellular telephone using an ATDS without Ms. Collazo's prior express consent or after Ms. Collazo had revoked such consent.

104. IC SYSTEM voluntarily placed telephone calls to Ms. Collazo's cellular telephone using an ATDS.

105. IC SYSTEM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Collazo's cellular telephone using an ATDS without Ms. Collazo's prior express consent.

*COUNT SEVEN – Sheila Goyco*

**Violation of the Fair Debt Collection Practices Act**

106. Ms. Goyco re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3, and 27-62.

107. Around January 2015, IC SYSTEM began calling Ms. Goyco on her cellular phone at phone number XXX-XXX-1977 in an attempt to collect a debt for another individual.

108. IC SYSTEM called Ms. Goyco's cellular phone from various phone numbers, including but not limited to 208-515-7484.

109.   Soon after the calls began, Ms. Goyco communicated her desire that IC SYSTEM cease calling her.

110.   Ms. Goyco also communicated to IC SYSTEM that she had no means of paying the debt, and that she had three children and was unemployed.  In response, the IC SYSTEM representative told Ms. Goyco that regardless of whether she was employed or not, Ms. Goyco must pay the debt, and proceeded to abusively ask Ms. Groyco whether she would be paying the debt in full that day.

111.   Despite being informed that Ms. Goyco wanted the calls to stop and could not pay the debt, IC SYSTEM continued to call Ms. Goyco on her cellular phone in connection with the collection of a debt within the last twelve (12) months.

112.   IC SYSTEM's acts and omissions violated the FDCPA as to Ms. Goyco.

113.   IC SYSTEM's policies and procedures violated the FDCPA as to Ms. Goyco.

114.   IC SYSTEM caused Ms. Goyco emotional distress.

115.   IC SYSTEM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Goyco in connection with the collection of the debt.

116.   IC SYSTEM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT EIGHT– Sheila Goyco*

**Violation of the Florida Consumer Practices Act**

117.   Ms. Goyco re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3, 27-62, and 107-114.

- 18 -

118.   IC SYSTEMS willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Ms. Goyco with such frequency as can reasonably be expected to harass Ms. Goyco, or engaging in other conduct which can reasonably be expected to abuse or harass Ms. Goyco.

### COUNT NINE – Sheila Goyco

**Violation of the Telephone Communication Protection Act**

119.   Ms. Goyco re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 3, 27-62, and 107-114.

120.   Ms. Goyco was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA.

121.   IC SYSTEM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Goyco's cellular telephone using an ATDS without Ms. Goyco's prior express consent or after Ms. Goyco had revoked such consent.

122.   IC SYSTEM voluntarily placed telephone calls to Ms. Goyco's cellular telephone using an ATDS.

123.   IC SYSTEM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Goyco's cellular telephone using an ATDS without Ms. Goyco's prior express consent.

### COUNT TEN – John Kidd

**Violation of the Fair Debt Collection Practices Act**

124.   Mr. Kidd re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4, and 27-62.

125. Around May 2015, IC SYSTEM began calling Mr. Kidd on his cellular phone at phone number XXX-XXX-7158 in an attempt to collect a debt.

126. IC SYSTEM called Mr. Kidd's cellular phone from various phone numbers, including but not limited to 804-625-4551

127. Soon after the calls began, Mr. Kidd communicated his desire that IC SYSTEM cease calling him.

128. Notwithstanding this communication, IC SYSTEM continued to call Mr. Kidd on his cellular phone in connection with the collection of a debt within the last twelve (12) months.

129. On more than one occasion, Mr. Kidd reiterated his desire that IC SYSTEM cease calling him.

130. Despite Mr. Kidd's pleas for IC SYSTEM to stop calling, IC SYSTEM continued its campaign of collection calls to Mr. Kidd's cell phone.

131. On at least one occasion, IC SYSTEM refused to identify itself on the phone unless Mr. Kidd disclosed personal and confidential information.

132. IC SYSTEM's acts and omissions violated the FDCPA as to Mr. Kidd.

133. IC SYSTEM's policies and procedures violated the FDIC SYSTEM as to Mr. Kidd.

134. IC SYSTEM caused Mr. Kidd emotional distress.

135. IC SYSTEM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Mr. Kidd in connection with the collection of the debt.

136.   IC SYSTEM violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose its identity on the phone to Mr. Kidd.

137.   IC SYSTEM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT ELEVEN – John Kidd*

**Violation of the Florida Consumer Collection Practices Act**

138.   Mr. Kidd re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4, 27-62, and 125-134.

139.   IC SYSTEM willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Mr. Kidd with such frequency as can reasonably be expected to harass Mr. Kidd, or engaging in other conduct which can reasonably be expected to abuse or harass Mr. Kidd.

### *COUNT TWELVE– John Kidd*

**Violation of the Telephone Communication Protection Act**

140.   Mr. Kidd re-alleges and incorporates by reference the following Paragraphs as if fully set forth herein: 4, 27-62, and 125-134.

141.   Mr. Kidd was the "called party" within the meaning of § 227(b)(1)(A) of the TCPA SYSTEM.

142.   IC SYSTEM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Kidd's cellular telephone using an ATDS without Mr. Kidd's prior express consent or after Mr. Kidd had revoked such consent.

143.    IC SYSTEM voluntarily placed telephone calls to Mr. Kidd's cellular telephone using an ATDS.

144.    IC SYSTEM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Kidd's cellular telephone using an ATDS without Mr. Kidd's prior express consent.

## JURY DEMAND

145.    Each Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, each of the individual Plaintiffs prays for the following relief:

   a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b.  Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   c.  An order enjoining Defendant from placing further telephone calls to ther Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

   d.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TIC SYSTEMS.

   e.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: January 28, 2016                    Hyslip & Taylor, LLC, LPA


By:___ /s/ Sharina Romano_____
        Sharina T. Romano, Esq.
        Florida Bar No.: 65501
        HYSLIP & TAYLOR, LLC, LPA
        1100 W. Cermak Road, Suite B410
        Chicago, Illinois 60608
        (P) 312.380.6110
        (F) 312.361.3509
        (E) sharina@fairdebt411.com

        *Counsel for Plaintiffs*